UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-590-FDW
(3:08-cr-163-FDW-1)

| ANTHONY R. PORTER, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Postsentencing Rehabilitation Programming Mandates Inducement for Sentencing Reduction Pursuant to 18 U.S.C. §§ 3582, 3661, 3742, (Doc. No. 1), which the Clerk has docketed as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**I.   BACKGROUND**

Petitioner pled guilty in the underlying criminal case to: Count (1), conspiracy to defraud the United States; Count (2), conspiracy to commit money laundering; and Count (3), false statement on a tax return. See (3:08-cr-163, Doc. Nos. 1, 4, 6). The Court sentenced him to one month for Count (1) and 120 months for Count (2), consecutive, and 36 months for Count (3), concurrent, followed by three years of supervised release.[1] (3:08-cr-163, Doc. Nos. 18, 20). (Amended Judgment docketed July 7, 2010). The Judgment was amended on September 6, 2016, to add restitution in the amount of $58,645,806.32. (3:08-cr-163, Doc. No. 33).

---

[1] The Judgment was docketed June 14, 2010, and the Amended Judgment, which corrects a clerical mistake, was docketed on July 7, 2010. (3:08-cr-163, Doc. Nos. 18, 20).

1

Petitioner filed the instant petition, entitled "Postsentencing Rehabilitation Programming Mandates Inducement for Sentencing Reduction Pursuant to 18 U.S.C. §§ 3582, 3661, 3742," on August 7, 2017. (Doc. No. 1). He argues, *inter alia*, that no *mens rea* was ever established in the alleged conspiracy; the same conduct would be legal today; the co-defendants have now been released from custody; Petitioner has no criminal history and he self-surrendered; the offense was not a planned conspiracy, but rather, was a "business strategy involving money laundering;" and he was awarded a reduction for substantial assistance. (Doc. No. 1 at 4). Further, he has demonstrated "staggering dedication" by completing over 2,300 hours of rehabilitation programs and started four non-profit entities since he was sentenced. (Doc. No. 1 at 6). He argues that the Court should grant him immediate release, reduce his sentence, or "expunge[]" his supervised release in light of these factors. (Doc. No. 1 at 13).

The Court ordered Petitioner on April 24, 2018, to inform the Court within 20 days if he objected to the recharacterization of the instant petition as a § 2255 Motion to Vacate. (Doc. No. 2). He was cautioned that the failure to respond would result in the petition's recharacterization as a § 2255 Motion to Vacate. (Id.). He has not responded.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(1) § 2255**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Liberally construing the *pro se* petition, Petitioner attacks his conviction and sentence by arguing, *inter alia*, that no *mens rea* was established, the same conduct would be legal today, and the offense was not a planned conspiracy, and his sentence is unreasonable.

Assuming that Petitioner's § 2255 Motion to Vacate was timely filed,[2] it does not warrant relief.

As a preliminary matter, Petitioner's challenges to his conviction and sentence are procedurally defaulted from § 2255 review because he failed to raise them on direct appeal.[3] See generally Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); Murray v. Carrier, 477 U.S. 478, 494 (1986).

Petitioner's knowing and voluntary guilty plea waived his present attacks on his conviction and sentence. "[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the

---

[2] Whether an amended judgment setting the amount of restitution re-starts the one-year statute of limitations for filing a § 2255 petition is an unsettled question. See generally Dolan v. United States, 560 U.S. 605, 618 (2010) (declining to decide whether a judgment that imposes a period of incarceration and an unspecified amount of restitution is "final" for appellate purposes); see also United States v. Gilbert, 807 F.3d 1197, 1199-1200 (9th Cir. 2015) (holding that "when a judgment imposes a sentence but leaves the amount of restitution to be determined, the one-year statute of limitations to file a § 2255 motion does not restart when the specific amount of restitution is later entered."). Cf. United States v. Tulsiram, 815 F.3d 114, 119 (2d Cir. 2016) (a judgment of conviction that imposes a sentence including incarceration and restitution is final and can be appealed immediately from the initial sentence or to wait until all aspects of the sentence have been determined).

[3] The Court would ordinarily provide Petitioner notice and the opportunity to respond before addressing procedural default *sua sponte*. It has not done so here because Petitioner's claims are also waived by his guilty plea and meritless.

right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

Petitioner pled guilty after swearing under oath that he understood the nature of the charge to which he is pleading guilty, his sentencing exposure, and the rights he is relinquishing by pleading guilty. See Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991); (3:08-cr-163, Doc. Nos. 6, 22). He agreed that he was, in fact, guilty of Counts (1)-(3), and stipulated to the factual proffer in the Presentence Investigation Report ("PSR"). Id.; (3:08-cr-163, Doc. Nos. 23 at 5; 15 at ¶¶ 4-25). He swore in open court that he pled guilty without threats, coercion, or promises other than those contained in the plea agreement. See Fed. R. Crim. P. 11(b)(2), (3); (3:08-cr-163, Doc. Nos. 6 at 4; 22 at 25-26; 23 at 3-4). The record thus demonstrates that Petitioner's plea was freely and voluntarily entered and arguments that his conviction and sentence are invalid, have been waived.

Petitioner's arguments are also meritless because his admitted conduct satisfies the elements of each of the charged offenses, and the Court imposed a reasonable sentence after considering all the relevant factors. See United States v. Vinson, 852 F.3d 333, 357-58 (4th Cir. 2017) (any sentence within or below a properly-calculated guidelines range is presumptively substantively reasonable, a presumption rebutted only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."); United States v. Nelson,

484 F.3d 257, 260 (4th Cir. 2007) (a knowing and voluntary guilty plea to admits all the material elements of the crime).

Therefore, to the extent Petitioner attempts to attack his conviction and sentence by way of § 2255, the petition is dismissed and denied.

**(2)** **Criminal Motions**

In addition to § 2255 relief, Petitioner also appears to seek relief via criminal motion, asserting several different theories, that was properly filed in the underlying criminal case. His arguments will be addressed in turn.

**(A)** **§ 3582**

Section 3582(c)(1)(B) permits a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure…." Petitioner seeks § 3582 relief via Rule 35(b), which addresses substantial assistance.

Section 3582 and Rule 35 provide Petitioner no relief because a criminal defendant may not move to reduce his sentence under Rule 35(b), nor may a court reduce a sentence under Rule 35(b) on its own; a government motion is required. Wade v. United States, 504 U.S. 181, 185-86 (1992). No such motion is presently pending in the criminal case, so Rule 35(b) relief is unavailable at this time.

Therefore, to the extent Petitioner seeks relief pursuant to § 3582 and Rule 35, his motion is denied.

**(B)** **§ 3661**

The United States Code's Miscellaneous Sentencing Provisions section states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct

of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Petitioner has already been sentenced, so this sentencing provision does not apply to him at present. It provides Petitioner with no post-conviction sentencing relief so his motion for relief pursuant to § 3661 is denied.

### (C) § 3742

United States Code 18 U.S.C. 3742 addresses the review of a sentence on direct appeal.

Petitioner contends that § 3742 "affords [him] opportunity to file this § 3582 motion for sentencing reduction by way of postsentencing rehabilitation." (Doc. No. 1 at 2). However, Petitioner pled guilty pursuant to a plea agreement that specifically waived his appellate rights. He did not file a notice of appeal from his conviction and sentence, and the time for doing so has long expired.

Section 3742, which applies to direct appeals, has no application to this post-conviction motion and accordingly relief under that provision is denied.

### (D) § 3583

The United States Code provides in 18 U.S.C. 3583(e)(1), addresses the modification or revocation of supervised release. It provides that, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice…."

Petitioner requests that his three-year term of supervised release be "expunged" if his request for a sentence reduction and immediate release are denied. (Doc. No. 1 at 13).

His reliance on § 3583(e)(1) is misplaced because that section only applies after a defendant has served one year of supervised release. Petitioner is still serving his sentence of imprisonment and has not yet begun serving supervised release. Therefore, § 3583(e)(1) is inapplicable and relief is denied.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss and deny the § 2255 Motion to Vacate and will deny the incorporated criminal motions.

**IT IS, THEREFORE, ORDERED** that

1. The Motion to Vacate, (Doc. 1), is **DISMISSED** and **DENIED**.

2. The Clerk of Court is ordered to close this civil case.

3. The incorporated criminal motions are **DENIED**.

4. The Clerk of Court is instructed to docket a copy of this Order in case number 3:08-cr-163-FDW, and terminate the pending Motion, Docket Number 36.

5. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 11, 2018

Frank D. Whitney
Chief United States District Judge